UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANA LLOYD,

      Plaintiff,

v.                                                          Case No. 05-73825
                                                           Honorable Patrick J. Duggan

UNITED FOOD AND COMMERCIAL
WORKERS UNION LOCAL 876,

      Defendant.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 16, 2005.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

Plaintiff filed this lawsuit *in pro per* in the 36th Judicial District Court of the State of Michigan on September 14, 2005. Defendant removed the action to this Court on October 5, 2005, pursuant to 28 U.S.C. § 1331. Presently before the Court is Defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, request for a more definitive statement under Rule 12(e), filed October 19, 2005. According to Defendant, it served Plaintiff with a copy of its motion via regular mail on the same date.

This Court sent a notice to the parties on October 20, 2005, indicating that the

1

motion to dismiss had been filed and reminding them of the provisions of Local Rule 7.1, specifically subsection (d) which provides that "[a] response to a dispositive motion must be filed within 21 days after service of the motion." Nevertheless, Plaintiff has not responded to the motion. On November 17, 2005, this Court issued a Notice to the parties indicating that it is dispensing with oral argument with respect to Defendant's motion pursuant to Local Rule 7.1(e)(2).

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint. Construing the complaint in a light most favorable to the plaintiff and assuming that the plaintiff's factual allegations are true, the court must determine whether the complaint states a valid claim for relief. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)(citing *Jenkins v. McKeithen*, 395 U.S. 411, 421-33, 89 S. Ct. 1843, 1848-49 (1969)). A court may dismiss a claim pursuant to 12(b)(6) motion "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegation." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)).

Plaintiff's handwritten complaint is difficult to read and understand, although it appears that she is seeking $1,500.10 more each month from Defendant. Plaintiff fails to cite any law supporting her request for this money; nor she does state any reason why she is entitled to this amount from Defendant. Plaintiff does not even explain what her relationship is to Defendant. As Plaintiff failed to respond to Defendant's motion, she has not provided any additional allegations from which the Court and Defendant can discern

the basis of her lawsuit. Thus the Court concludes that Plaintiff has not only failed to state a valid claim for relief, she has failed to state any claim.

Accordingly,

**IT IS ORDERED**, that Defendant's motion to dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE.**

                                    s/PATRICK J. DUGGAN
                                    UNITED STATES DISTRICT JUDGE

Copies to:
Diana Lloyd
101 Mechanic #108
Pontiac, MI 48342

Judith A. Sale, Esq.